IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PEDRO GARCIA,

                Petitioner,               OPINION AND ORDER

  v.

                                                    14-cv-898-wmc

LIZZIE TEGELS, Warden,
Jackson Correctional Institution,

                Respondent.

---

Petitioner Pedro Garcia is presently incarcerated by the Wisconsin Department of Corrections at the Jackson Correctional Institution. Garcia seeks a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state judgment of conviction from Walworth County Circuit Court. After conducting a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court concludes that habeas corpus review is barred and that this case is subject to dismissal for reasons set forth below.

FACTS

In Walworth County Case No. 08CF283, a jury found Garcia guilty of second degree sexual assault causing injury in violation of Wis. Stat. § 940.225(2)(b). On September 17, 2009, the Walworth County Circuit Court sentenced Garcia to serve eight years' initial confinement in prison, followed by a five-year term of extended supervision.

On direct appeal, Garcia's court-appointed counsel filed a motion to withdraw on the grounds that there was no meritorious issue for appeal. In response to his counsel's

no-merit report, Garcia raised issues relating to his waiver of the preliminary examination, the audiotape of his confession, his statement to a detective, and the assistance rendered by trial counsel. The Wisconsin Court of Appeals reviewed the record and found no arguable basis for a claim of ineffective assistance of trial counsel. *See State v. Garcia*, No. 10AP1682, slip op. at 4. After concluding that Garcia's appeal presented no other issue of arguable merit, the court of appeals affirmed the conviction in an unpublished opinion entered on June 22, 2011. On September 9, 2011, the Wisconsin Supreme Court summarily dismissed Garcia's petition for review.

On May 29, 2013, Garcia filed a motion for post-conviction relief pursuant to Wis. Stat. § 974.06. In that motion, Garcia argued that he was denied effective assistance of counsel at trial when his attorney failed to question the victim about her "prior sexual conduct" or present evidence showing that the victim made "prior untruthful allegations of sexual assault." On June 6, the circuit court denied the motion because use of this evidence was addressed during Garcia's trial and the circuit court had excluded the evidence.

On July 5, 2013, Garcia filed a second motion for post-conviction relief under § 974.06, arguing that his trial counsel should have filed a motion relating to the victim's sexual history and that he was denied effective assistance of counsel on appeal when his appellate attorney failed to raise a claim concerning his trial counsel's deficient performance. On July 23, the circuit court denied Garcia's motion for the same reason articulated on June 6, observing further that Garcia's appeal was found to be without merit.

Garcia appealed the circuit court's decision to deny his post-conviction motions for relief under § 974.06. The Wisconsin Court of Appeals summarily affirmed that decision on June 11, 2014. *See State v. Garcia*, No. 13AP1965. In doing so, the court of appeals held that Garcia's claims were procedurally barred by the holdings in *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994) and *State v. Allen*, 2010 WI 89, 328 Wis. 2d 1, 786 N.W.2d 124. Garcia did not appeal further by filing a petition for review with the Wisconsin Supreme Court.

In his pending habeas corpus petition, Garcia contends that he is entitled to relief pursuant to 28 U.S.C. § 2254 for the following reason: (1) his trial counsel was ineffective for failing to present evidence that the victim made prior untruthful allegations of sexual assault; and (2) he was denied effective assistance of counsel on appeal when his appellate counsel failed to raise an issue concerning his trial counsel's ineffectiveness. The court finds that review of these claims is barred by the governing one-year statute of limitations on federal habeas corpus review. Alternatively, review is barred by the doctrine of procedural default.

OPINION

I. **Federal Habeas Corpus Statute of Limitations**

Garcia's federal habeas corpus petition is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, which was enacted on April 24, 1996. Under the AEDPA, all habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d)(1), which is

designed to "encourag[e] prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." *Carey v. Saffold*, 536 U.S. 214, 226 (2002). Because the petition was filed well after the AEDPA's effective date, the one-year statute of limitations clearly applies. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

From the petition, Garcia evidently believed that he had one year from the completion of his most recent state collateral attack in which to seek federal habeas corpus review. *See Petition under 28 U.S.C. § 2254 For Writ of Habeas Corpus by a Person in State Custody*, dkt. #1, at 14-15, ¶18. Garcia is mistaken.

When a prisoner challenges the validity of a state court judgment, the statute of limitations typically begins to run at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). After the Wisconsin Court of Appeals affirmed the judgment of conviction on June 22, 2011, and the Wisconsin Supreme Court dismissed his petition for review on September 9, 2011, Garcia had 90 days in which to file a petition for certiorari review by the United States Supreme Court. Garcia did not file one and his time to do so expired on December 8, 2011. That date, which signaled the expiration of Garcia's time for seeking direct review, triggered the one-year statute of limitations on federal habeas corpus review, which expired one year later on December 8, 2012. Therefore, the petition executed by Garcia on December 19, 2014, is more than two years late and is barred from federal review unless Garcia can establish that an exception applies.

4

Although the statute of limitations on federal habeas corpus review is tolled pursuant to 28 U.S.C. § 2244(d)(2), which excludes "the time during which a properly filed application for State post-conviction or other collateral review" is pending, Garcia did not file motions for post-conviction relief pursuant to Wis. Stat. § 974.06 until May 29, 2013. By that time, the statute of limitations for federal habeas corpus review had already expired. As a result, Garcia's post-conviction motions have no tolling effect for purposes of § 2244(d)(2). *See Graham v. Borgen*, 483 F.3d 475, 482-83 (7th Cir. 2007) (holding that a motion under § 974.06 filed after the AEDPA statute of limitations had expired had "no tolling effect whatsoever"). Accordingly, Garcia's petition is barred from federal review as untimely filed unless he can establish that an equitable exception applies.[1]

An untimely petition may be saved if grounds exist to equitably toll the limitation period. Equitable tolling, however, is an extraordinary remedy that is rarely granted. *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008). The Supreme Court has explained that "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). The petitioner seeking equitable tolling bears the burden of

---

1 A statutory exception may toll or extend the one-year limitations period if any of the following circumstances are present: (1) the State has created an impediment to filing a petition; (2) the petition is based on a newly recognized constitutional right made retroactive by the Supreme Court; or (3) the claim is based on a new factual predicate, which new facts could not have been discovered with due diligence on an earlier date. *See* 28 U.S.C. § 2244(d)(1)(B)–(D). The record outlined by Garcia indicates that none of these statutory exceptions apply.

establishing that it is warranted. *Williams v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008). For this reason, the Supreme Court has cautioned that before raising the statute of limitations on its own initiative, a court must grant the petitioner fair notice and afford him an opportunity to present his position. *See Day v. McDonough*, 547 U.S. 198, 211 (2006). So that Garcia may have an opportunity to present any valid reason to toll the statute of limitations in his case, he will be allowed to supplement the pleadings and to show cause why his claims are not barred from federal review by the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1).

II.     **Doctrine of Procedural Default**

In addition, assuming that Garcia's petition is timely, the pleadings and the attached exhibits reflect that review of his ineffective-assistance claims is barred by the doctrine of procedural default. In that respect, the only state court to consider Garcia's claims was the Wisconsin Court of Appeals, which concluded that they were barred for procedural reasons. *See State v. Garcia*, No. 13AP1965 (June 11, 2014) (citing *State v. Allen*, 2010 WI 89, 328 Wis. 2d 1, 786 N.W.2d 124 and *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157).[2] Garcia did not file a petition for review of this decision

---

2 In *Escalona-Naranjo*, the Wisconsin Supreme Court held that constitutional claims that could have been raised on direct appeal or in a post-conviction motion pursuant to § 974.02 cannot later be the basis for a collateral motion pursuant to § 974.06. *See Escalona-Naranjo*, 517 N.W.2d at 162. In *Allen*, the Wisconsin Supreme Court held that where a defendant files a response to a no-merit report and fails to raise an issue, the defendant may not later raise that issue in a motion under Wis. Stat. § 974.06 without also alleging a sufficient reason for failing to raise the issue in response to counsel's no-merit report. *Allen*, 328 Wis. 2d 1, ¶¶ 5, 31-32. Absent either a sufficient reason or an indication that the court of appeals did not properly follow the no-merit procedure in the earlier appeal, *Escalona-Naranjo* bars a defendant

with the Wisconsin Supreme Court. As a matter of state law, Garcia was required to file a petition for review within 30 days of the decision of the court of appeals. *See* Wis. Stat. § 808.10(1). A petitioner who fails to present his claims in a petition for discretionary review to a state court of last resort has not properly presented or exhausted his claims and those claims are procedurally defaulted. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *see also Moore v. Casperson*, 345 F.3d 474, 486 (7th Cir. 2003) (a Wisconsin prisoner seeking federal habeas review must first complete state appellate review process by presenting claims on direct appeal to state court of appeals and then to state supreme court in petition for review).

A habeas petitioner may overcome procedural default by demonstrating cause for the default and actual prejudice by showing the court's failure to consider the claim would result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A petitioner can demonstrate cause for his default by pointing to some objective factor external to the defense which blocked his ability to comply with the procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show prejudice, he must present evidence that the errors at trial "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Perruquet v. Briley*, 390 F.3d 505, 515 (7th Cir. 2004) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). The fundamental-miscarriage-of-justice exception requires a showing that "a constitutional violation has 'probably resulted' in the conviction of one

---

from litigating these issues. *Allen*, 328 Wis. 2d 1, ¶ 5.

who is 'actually innocent' of the substantive offense." *Dretke v. Haley*, 541 U.S. 386, 393 (2004) (quoting *Carrier*, 477 U.S. at 496); *accord Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Because procedural default is an affirmative defense, petitioner was not required to show cause and prejudice or actual innocence in his petition. *Perruquet*, 390 F.3d at 515. Nevertheless, a court may raise an affirmative defense before requiring the state to answer if "it is so plain from the language of the complaint and other documents in the court's files that it renders the suit frivolous." *Gleash v. Yuswak*, 308 F.3d 758, 760-61 (7th Cir. 2002) ("Under the circumstances there was no point to serving the defendants with process, forcing them to engage counsel, and then waiting for the inevitable motion to dismiss."). In this instance, a motion to dismiss the petition as procedurally barred is inevitable.

Therefore, in addition to giving Garcia an opportunity to satisfy the governing statute of limitations, Garcia will be allowed thirty (30) days to overcome the procedural default with respect to his claims by showing: (1) what cause he may have for his failure to properly present his defaulted claims and (2) what prejudice he suffered; or (3) whether a failure to review his claims will constitute a fundamental miscarriage of justice because he is actually innocent. Garcia should label his document a "supplement to his petition for a writ of habeas corpus under § 2254" and make sure to declare that any statements he makes in the supplement are made under penalty of perjury. 28 U.S.C. § 2242 (petition must be "signed and verified" by petitioner).

ORDER

IT IS ORDERED that:

(1) Petitioner Pedro Garcia is directed to show cause, if any, by responding in writing within thirty (30) days of the date of this order:
   a. why his petition should not be dismissed as barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1); and
   b. (1) what cause he may have for his failure to properly present his defaulted claims in state court and (2) what prejudice he suffered; or (3) whether a failure to review his claims will constitute a fundamental miscarriage of justice because he is actually innocent.

(2) Garcia should label this document a "supplement to his petition for a writ of habeas corpus under § 2254" and make sure to declare that any statements he makes in the supplement are made under penalty of perjury. 28 U.S.C. § 2242 (petition must be "signed and verified" by petitioner).

(3) No further action will be taken in this case until Garcia files a response to this order. **Garcia is advised that if he does not respond to this order as directed this case will be dismissed without further notice under Fed. R. Civ. P. 41(b).**

Entered this 29th day of January, 2015.

> BY THE COURT:
>
> /s/
>
> _____
> WILLIAM M. CONLEY
> District Judge

9